**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Great Deal Investing LLC, of Wyoming, Appellant,

v.

Jared Burnett, Brett Buras, Damian Bergamaschi, Steve Decker, J & B Holdings Group, LLC, and Hatchery Hill MHC, LLC, Respondents.

Appellate Case No. 2025-000104

Appeal From Orangeburg County
Thomas William McGee, III, Circuit Court Judge

Unpublished Opinion No. 2026-UP-061
Submitted December 1, 2025 – Filed February 11, 2026

**AFFIRMED**

Joseph Gregory Studemeyer, of Studemeyer Law Firm, of Irmo, for Appellant.

Joey Randell Floyd, of Bruner Powell Wall & Mullins, LLC, of Columbia; and Chelsea Jaqueline Clark, of Gargiulo / Rudnick, LLP, of Mashpee, Massachusetts, both for Respondents.

**PER CURIAM:**  Great Deal Investing LLC, of Wyoming (Great Deal) appeals a circuit court order granting summary judgment to J&B Holdings Group, LLC (J&B); Jared Burnett; Brett Buras; Damian Bergamaschi; Steve Decker; and Hatchery Hill MHC, LLC (collectively, Respondents).  We affirm.

Great Deal argues the circuit court erred in granting summary judgment to J&B because J&B breached a finder's fee contract; therefore, Great Deal contends it is entitled to damages.  Great Deal asserts the circuit court erred in finding it engaged in the unlawful practice of real estate because all communications and actions by its member, Nathan Johns, occurred outside of South Carolina; thus, it did not violate section 40-57-20 of the South Carolina Code (Supp. 2023).[1]

It is *undisputed* that Johns, the Great Deal member who identified a seller, Trishann Couvillion, and made the necessary introductions between Couvillion and J&B, *was not* licensed to practice real estate in South Carolina.  It is also undisputed that Great Deal, as a real estate brokerage firm, did not have a licensed broker-in-charge.[2]  Therefore, the circuit court found the finder's fee contract to be "an illegal contract" and, consequently, unenforceable.  The circuit court thus found Great Deal's causes of action failed as a matter of law, and it granted summary judgment to J&B on all claims.

Section 40-57-20 provides, "It is *unlawful* for an individual *to act as* a real estate *broker*, real estate salesperson, or real estate property manager or to advertise *or provide services as such* without an active, valid license issued by the commission."[3]  § 40-57-20 (emphases added).  Under this Chapter, a "broker" is defined as:

---

[1] The Legislature amended this Chapter in 2024; therefore, we apply the previous versions of the statutes that were in place at the time of the contract and sale of property.

[2] S.C. Code Ann. § 40-57-30(4) (Supp. 2023) ("'Broker-in-charge' means a broker designated to have responsibility over the actions of all associated licensees and also has the responsibility and control over and liability for a real estate trust account."); S.C. Code Ann. § 40-57-30(24) (Supp. 2023) ("'Real estate brokerage firm' means a real estate company engaged in the business of real estate brokerage.").

[3] The commission refers to the South Carolina Real Estate Commission under the administration of the Department of Labor, Licensing and Regulation.  S.C. Code Ann. § 40-57-10 (Supp. 2023).

an associated licensee who has met the experience and education requirements and has passed the examination for a broker license and who, for a fee, salary, commission, *referral fee, or other valuable consideration, or who, with the intent or expectation of receiving compensation: (a) negotiates or attempts to negotiate* the listing, *sale, purchase,* exchange, lease, or other disposition *of real estate* or the improvements to the real estate; (b) auctions or offers to auction real estate in accordance with Section 40-6-250; (c) for a fee or valuable consideration solicits a referral; (d) offers services as a real estate consultant, counselor, or transaction manager; (e) offers to act as a subagent of a real estate brokerage firm representing a client in a real estate transaction; or (f) advertises or otherwise represents to the public as being engaged in any of the foregoing activities.

S.C. Code Ann. § 40-57-30(3) (Supp. 2023) (emphases added).

In reading these sections together, it is clear Great Deal's actions fall within the contemplated scope of acting as a broker. *See S.C. Pub. Int. Found. v. Calhoun Cnty. Council*, 432 S.C. 492, 497, 854 S.E.2d 836, 838 (2021) ("The primary rule of statutory construction is to ascertain the intent of the General Assembly."); *id.* ("Whe[n] the statute's language is plain, unambiguous, and conveys a clear, definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Town of Mt. Pleasant v. Roberts*, 393 S.C. 332, 342, 713 S.E.2d 278, 283 (2011))). The finder's fee contract provided:

The purpose of this contract is to establish the terms and conditions under which [Great Deal] *shall be entitled to receive a Finder's Fee for introducing* [J&B] to real Property (the "Property") and/or the Property Seller or agent(s)/representative(s) of the Seller (the "Seller") *in relation to potential real estate transactions*.

. . . .

> In consideration for [Great Deal's] introduction of [J&B] to the Property and/or Seller . . . [J&B] agrees to pay [Great Deal] a Finder's Fee of seven percent (7%) of the final purchase price of the Property, minimum fee of ten thousand dollars ($10,000), whichever is greater (the "Finder's Fee"), *if a successful real estate transaction is completed between [J&B] and the Seller following introduction*.  The Finder's Fee shall be paid to [Great Deal] immediately at the Closing of the real estate transaction between [J&B] and Seller.

Regarding the purchase of Couvillion's property, Great Deal identified the potential property for J&B and arranged the initial communications between J&B and Couvillion with the intent of arranging a sale of the South Carolina property between the parties.  Because Johns is not licensed to practice real estate within South Carolina, his actions in identifying and introducing the parties for the purpose of engaging in a real estate transaction were unlawful and in violation of section 40-57-20.[4]  *See* § 40-57-20 ("It is *unlawful* for an individual *to act as* a real estate *broker*, real estate salesperson, or real estate property manager or to advertise *or provide services as such without an active, valid license* issued by the commission." (emphases added)); S.C. Code Ann. § 33-44-302 (2006) ("A limited liability company is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a member or manager acting in the ordinary course of business of the company or with authority of the company.").  Thus, we hold the circuit court properly granted summary judgment to J&B.

**AFFIRMED.**[5]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[4] To the extent Great Deal asserts that applying section 40-57-20 to the instant transaction would be improper and a violation of the commerce clause because all of Johns's actions occurred in Indiana, we find this argument is unpersuasive as his actions arranged and dealt with a real estate transaction of a South Carolina property.

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.